UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

Civil Action No: _____

| | |
|---|---|
| HEDYA A. ABDELA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) COMPLAINT |
| | ) |
| CITY OF NASHVILLE-METROPOLITAN DAVIDSON COUNTY, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

**COMES NOW** HEDYA A. ABDELA ("Plaintiff"), by and through its attorneys, B.K. Leonard Law Firm, for its Complaint against CITY OF NASHVILLE-METROPOLITAN DAVIDSON COUNTY("Defendant"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is a This is a civil rights action arising from discriminatory, harassing, and abusive treatment of Plaintiff by law enforcement and emergency medical personnel at the scene of a motor-vehicle incident, including racial profiling, xenophobic and Islamophobic remarks and conduct, failure to protect Plaintiff from harassment and assaultive behavior by bystanders and another driver, and related deprivations, brought pursuant to 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution, as well as related claims under state law.

2. Plaintiff seeks compensatory damages in an amount to be determined at trial, punitive damages where permitted by law, declaratory relief, injunctive relief, attorneys' fees and costs, and such other relief as the Court deems just and proper.

## JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under 42 U.S.C. § 1983, for violations of Plaintiff's First and Fourteenth Amendments to the United States Constitution. The Plaintiff also claims supplemental and ancillary jurisdiction of related state law claims as more fully set forth herein, pursuant to 28 U.S.C. Section 1367. In addition, this action is brought pursuant to 42 U.S.C. Section 1988.

## VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that CITY OF NASHVILLE-METROPOLITAN DAVIDSON COUNTY resides in this district and all defendants reside in Tennessee. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

5. HEDYA A. ABDELA is an individual who resides in Nashville, Tennessee. HEDYA A. ABDELA is a citizen of Tennessee.

6. Upon information and belief, CITY OF NASHVILLE-METROPOLITAN DAVIDSON COUNTY is a Municipal Corporation, organized and existing under the laws of the state of Tennessee. Upon information and belief, the Metropolitan Nashville Police Department ("police"), and is a municipal department of the CITY OF NASHVILLE-METROPOLITAN DAVIDSON COUNTY located in Nashville, Tennessee, and at all relevant times its officers acted under color of state law. Upon information and belief, the Metropolitan Nashville Emergency Medical Services ("EMS"), and is a municipal department of the CITY OF NASHVILLE-METROPOLITAN DAVIDSON COUNTY located in Nashville, Tennessee, and at all relevant times its police officers and EMS employees acted under color of state law.

## FACTS

7. On or about April 22, 2025, at approximately 3:20 pm, Plaintiff was involved in a motor-vehicle collision that resulted in her vehicle being struck and coming to rest near a roadside ditch and fence, and first responders including police and EMS arrived on scene.

8. During the first few minutes many passersby were checking up on Plaintiff at approximately 3:25 pm.

9. Between approximately 3:25 and 3:30 Jakayla Cason ("Cason"), the driver of the other vehicle approached the Plaintiff angrily shouting that Plaintiff hit her car.

10. Cason also shouted that Plaintiff owed them approximately between $1,000 and $2,000.

11. Around that time Cason and a bystander and some kids were talking about the accident.

12. Plaintiff's father came because she called him.

13. Cason and the bystander were shouting and cursing and recording Plaintiff and her father making legal threats and using fraud.

14. Then the ambulance came and this same behavior continued with ambulance being complicit.

15. The bystander left, while Cason stayed continuing to shout, cursing and recording.

16. Eventually police officers, Jonathan Hart ("Officer Hart") and Anthony Yanover ("Officer Yanover") (collectively, "the officers") came between approximately 3:45-4:00pm.

17. Plaintiff and her father experienced continued harassment from Cason and the police.

18. For the next few months Plaintiff was traumatized from driving and her experience made her emotionally unstable.

19. At the scene, upon information and belief Officer Hart questioned Plaintiff about whether she spoke English, whether she needed a translator, and whether she even owned her car.

20. Upon information and belief Officer Hart acted rudely, shouted at Plaintiff's father to get away from Plaintiff while Plaintiff was visibly shaking and not okay, and treated Plaintiff with suspicion.

21. Upon information the officers heard exaggerated claims about Plaintiff, and Officer Hart asked about her English a translator and about her driving and he was hostile toward Plaintiff's dad.

22. The officers were a part of the multitude of religious and racial harassment that Plaintiff faced that day.

23. Cason exhibited disregard toward Plaintiff and her situation as she was angry that Plaintiff got asked what happened first.

24. Cason explicitly said that she did not care that Plaintiff's car was in a roadside ditch and that she thought Plaintiff was dead while police were there.

25. A bystander was there from approximately 3:20-3:40 pm before the police officers came and Cason calmed down but was still emotionally unregulated when the police offiers arrived.

26. While Plaintiff and her dad were asked if he had papers, the first responders, or ambulance team were blankly staring at Plaintiff and her dad.

27. A bystander recorded Plaintiff and her father without their consent while shouting for 20–30 minutes, cursed at Plaintiff and her father, and made repeated defamatory claims that Plaintiff was speeding at 80 mph, even though Plaintiff was later determined not to be at fault.

4

28. A bystander told Plaintiff's father to "shut up," recorded Plaintiff and her family, used derogatory language, yelled questions like "where were you going," recorded Plaintiff like a criminal, told Plaintiff to "kiss the ground" and be glad she did not die multiple times, and made xenophobic comments including asking if Plaintiff's father had "papers" and shouting about Immigration and Customs Enforcement ("ICE"), and shouting that Plaintiff and her family were not from the United States, all while EMS was watching.

29. EMS personnel witnessed the harassment and did nothing to intervene, stood by while a bystander and Cason recorded and shouted at Plaintiff while she was frozen, and even provided service and checked the bystander's vitals despite witnessing racial abuse toward Plaintiff.

30. Cason approached Plaintiff before police arrived, recorded her for approximately 30 minutes while cursing, called Plaintiff a "stupid bitch," shouted and cursed at her, demanded immediate cash payments of $1,000–$2,000 before first responders arrived, threatened to press charges, jail Plaintiff, and sue her, and made defamatory claims that Plaintiff was speeding and at fault.

31. Cason later made a racially charged comment, telling Plaintiff's brother that Plaintiff's Black immigrant Muslim father was "aggressive" for defending his family.

32. Plaintiff experienced racial profiling by police officers and a failure by EMS to protect her from harassment and assaultive behavior by others, despite being aware of the situation and her innocence, and Plaintiff's insurance later proved she was not at fault for the accident.

33. In the aftermath, Plaintiff suffered psychological harm, including a neurological episode in September and fear of driving, and is seeking therapy and/or psychiatric treatment for emotional distress and mental anguish she suffered as a result of Defendant's conduct.

### *Monell Allegations*

34. At all relevant times, Defendants' officers and EMS personnel acted under color of state law.

35. The violations of Plaintiff's constitutional rights were caused by Defendants' policies, practices, or customs, including failure to adequately train or supervise personnel regarding anti-discrimination, bystander intervention, protection of victims at accident scenes, and avoidance of racial profiling and discriminatory harassment, reflecting deliberate indifference to the obvious risk of constitutional injuries.

36. Alternatively, policymakers for Defendants ratified unconstitutional conduct by failing to intervene or correct, despite knowledge of the conduct at the scene.

### *First Amendment – Protected Activity and Retaliation/Interference*

37. Plaintiff engaged in protected speech and expressive conduct at the accident scene and was recorded, interrogated, and subjected to harassment and suppression contributing to the deprivation of her First Amendment rights.

### COUNT I 42 U.S.C. § 1983
### FOURTEENTH AMENDMENT EQUAL PROTECTION (RACIAL, RELIGIOUS, AND NATIONAL ORIGIN DISCRIMINATION)

38. HEDYA A. ABDELA repeats and realleges paragraphs 1 through 37 hereof, as if fully set forth herein.

39. Defendant's officers Hart and upon information and belief, Yanover, as well as Defendant's EMS personnel acting under color of state law, intentionally discriminated against

Plaintiff on the basis of race, religion, and national origin by engaging in racial profiling, tolerating and facilitating xenophobic and Islamophobic harassment, and failing to protect Plaintiff from discriminatory abuse at the scene.

40. Defendant's officers Hart and upon information and belief, Yanover, as well as Defendant's EMS personnel discriminatory acts and omissions were motivated by, and targeted at, Plaintiff's protected characteristics and were the moving force behind the deprivation of Plaintiff's right to equal protection.

41. By reason of the foregoing, Defendant is liable in an amount to be determined at trial, plus interest, attorneys' fees and costs.

42. Plaintiff seeks an injunction prohibiting Defendant from violating Plaintiff's Fourteenth Amendment Equal Protection rights in the future. .

## COUNT II 42 U.S.C. § 1983
## FIRST AMENDMENT (INTERFERENCE, RETALIATION, AND COMPELLED SPEECH)

43. HEDYA A. ABDELA repeats and realleges paragraphs 1 through 42 hereof, as if fully set forth herein.

44. Defendant's officers Hart and upon information and belief, Yanover, as well as Defendant's EMS personnel acting under color of state law, interfered with and chilled Plaintiff's First Amendment rights by subjecting her to harassing, coercive, and discriminatory conduct at the scene, including shouting, recording, intimidation, and attempts to compel or suppress speech.

45. Plaintiff lacks an adequate remedy at law insofar as she seeks prospective relief to prevent future violations.

46. By reason of the foregoing, Defendant is liable in an amount to be determined at trial, plus interest, attorneys' fees and costs.

47. Plaintiff seeks an injunction prohibiting Defendant from violating Plaintiff's First Amendment rights in the future.

## COUNT III 42 U.S.C. § 1983
## MONELL LIABILITY FOR UNCONSTITUTIONAL POLICIES, CUSTOMS, PRACTICES, AND FAILURE TO TRAIN/SUPERVISE

48. Hedya A. Abdela repeats and realleges paragraphs 1 through 47 hereof, as if fully set forth herein.

49. The constitutional violations described herein were caused by Defendant's policies, customs, or practices, including deliberate indifference to known or obvious consequences of failing to train and supervise personnel to prevent racial profiling, discriminatory harassment, and failure to protect victims at accident scenes.

50. By reason of the foregoing, defendant is liable in an amount to be determined at trial, plus interest, attorneys' fees and costs.

51. Plaintiff seeks an injunction prohibiting Defendant from acting under unconstitutional policies, customs, practices, and failure to train/supervise violating plaintiff's civil rights in the future.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS/OUTRAGE

52. HEDYA A. ABDELA repeats and realleges paragraphs 1 through 51 hereof, as if fully set forth herein.

53. Both the bystander and upon information and belief Officer Hart, the Defendant's police officer engaged in extreme and outrageous conduct.

54. The bystander's 20-30 minutes of xenophobic harassment, i.e. comments about ICE, 'papers,' telling Plaintiff to 'kiss the ground' while Plaintiff was visibly shaking after an accident exceeds all bounds of decency.

55. Upon information and belief, the Defendant's Officer Hart engaged in discriminatory questioning and shouting at Plaintiff's father.

56. Upon information and belief Officer Hart's conduct was negligent and caused severe emotional distress evidenced by Plaintiff being 'frozen' and 'not okay.'

57. Upon information and belief Defendant's officer Yanover, as well as Defendant's EMS personnel, failed to protect Plaintiff from Defendant Officer Hart, Cason, and the bystander's discriminatory abuse at the scene.

58. As a direct result of the negligence of Defendant in retaining and supervising its police officers and EMS employees, and condoning their conduct, Defendant acted wantonly, willfully, and in disregard of the protected rights of Plaintiff.

59. Upon information and belief Officer Hart's extreme and outrageous conduct, including discriminatory harassment, intimidation, and Defendant's officers Hart and upon information and belief, Yanover, as well as Defendant's EMS personnel's failure to intervene while Plaintiff was harassed and abused at the scene, negligently or recklessly caused Plaintiff severe emotional distress, including a neurological episode and fear of driving.

60. As a direct and proximate result of such negligence of Defendant's police officers and EMS employee's conduct, Plaintiff has undergone and continues to undergo treatment for emotional distress.

61. By reason of the foregoing, Defendant is liable in an amount to be determined at trial, plus interest, attorneys' fees and costs.

62. Plaintiff seeks an injunction prohibiting Defendant from causing or allowing Plaintiff to suffer intentional infliction of emotional distress.

## COUNT V
## NEGLIGENT RETENTION, TRAINING, AND SUPERVISION

63. HEDYA A. ABDELA repeats and realleges paragraphs 1 through 62 hereof, as if fully set forth herein.

64. Defendant's officers Hart and upon information and belief, Yanover, as well as Defendant's EMS personnel, owed a duty to use ordinary care to protect plaintiff from harassing, oppressive, and retaliatory conduct and injury from its police officers and EMS employees.

65. Defendant had knowledge of the actions of its officers, employees and agents.

66. Defendants knew or should have known that such conditions existed for possible harassment of Plaintiff.

67. Defendant was negligent in failing to take adequate measures to supervise and train its police officers and EMS employees.

68. Defendant's negligent supervision and retention of its employees fostered and validated an already oppressive culture and environment.

69. As a direct result of the negligence of Defendant in retaining and supervising its police officers and EMS employees, and condoning their conduct, Defendants acted wantonly, willfully, and in disregard of the protected rights of Plaintiff.

70. By reason of the foregoing, Defendant is liable in an amount to be determined at trial, plus interest, attorneys' fees and costs.

71. Plaintiff seeks an injunction requiring Defendant to adequately train and supervise its police officers and EMS employees to prevent the conduct that Plaintiff suffered from happening in the future.

## COUNT VI 42 U.S.C.A. § 2000D
## DISCRIMINATION BY ORGANIZATIONS THAT RECEIVE FEDERAL FINANCIAL ASSISTANCE

72. HEDYA A. ABDELA repeats and realleges paragraphs 1 through 71 hereof, as if fully set forth herein.

73. Upon information and belief, the City of Nashville-Davidson County, police department is a recipient of federal funding through various grants including DOJ community policing grants, DHS preparedness grants, and highway safety funds.

74. Upon information and belief Defendant's Officer Hart's language-based discrimination, i.e. questioning Plaintiff's English proficiency and need for translator, constitutes national origin discrimination.

75. Upon information and belief, Defendant's officer Yanover, as well as Defendant's EMS personnel, failed to protect Plaintiff from Defendant Officer Hart's language-based discrimination, i.e. questioning Plaintiff's English proficiency and need for translator, national origin discrimination, and discriminatory abuse at the scene.

76. As a direct result of the negligence of Defendant in retaining, lack of proper training, and supervising its police officers and EMS employees, and condoning their conduct, Defendant's police officers and EMS personnel acted wantonly, willfully, and in disregard of the protected rights of Plaintiff.

77. By reason of the foregoing, Defendant is liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees and costs.

## COUNT VII 42 U.S.C. § 1983
## VIOLATION OF EQUAL PROTECTION
## U.S. Const. amend. XIV, § 1

78. HEDYA A. ABDELA repeats and realleges paragraphs 1 through 77 hereof, as if fully set forth herein.

79. Defendant Officer Hart's questions about English proficiency, the need for a translator, and car ownership—not typically asked of English-speaking accident victims—demonstrate impermissible classification-based discrimination.

80. The Defendant's Officer Hart treated Plaintiff differently than similarly situated individuals based solely on perceived foreign origin, violating the constitutional guarantee of equal protection under the laws.

81. Defendant's Officer Hart's discriminatory treatment based on perceived national origin violates the Equal Protection Clause.

82. As a direct result of the negligence of Defendant in retaining and supervising its police officers and EMS employees, including Defendant's Officer Hart, and condoning their conduct, Defendants acted wantonly, willfully, and in disregard of the protected rights of Plaintiff.

83. By reason of the foregoing, Defendant is liable in an amount to be determined at trial, plus interest, attorneys' fees and costs.

## COUNT VIII 42 U.S.C. § 1983
## Violation of Fourth Amendment Rights under the U.S. Const.

84. HEDYA A. ABDELA repeats and realleges paragraphs 1 through 83 hereof, as if fully set forth herein.

85. A traffic stop constitutes a seizure under the Fourth Amendment that must be justified by reasonable suspicion and limited in scope.

86. The Defendant Officer Hart's officer's interrogation about English proficiency, translation needs, and car ownership appears unrelated to investigating the accident and may have unreasonably extended the detention.

87. These discriminatory questions exceeded the permissible scope of the traffic investigation without reasonable suspicion of criminal activity.

88. As a direct result of the negligence of Defendant in retaining and supervising its police officers and EMS employees, including Defendant's Officer Hart and condoning their conduct, Defendants acted wantonly, willfully, and in disregard of the protected rights of Plaintiff.

## COUNT IX 42 U.S.C. § 1983
## Violation of Fourteenth Amendment (XIV, § s1)

89. HEDYA A. ABDELA repeats and realleges paragraphs 1 through 88 hereof, as if fully set forth.

90. The Defendant's officers Hart and upon information and belief, Yanover, as well as Defendant's EMS personnel's failure to intervene during 20-30 minutes of xenophobic harassment while maintaining control of the accident scene created opportunity for and enhanced the danger of harassment.

91. The state-created danger doctrine imposes liability when state actors create or enhance danger through deliberate indifference.

92. The Defendant's Officer Hart's officer's control over the scene combined with upon information and belief, Officer Yanover's and the EMS personnel's deliberate indifference

to the bystander's conduct targeting Plaintiff based on perceived national origin satisfies this doctrine.

93. As a direct result of the negligence of Defendant in retaining and supervising its police officers and EMS employees, and condoning their conduct, Defendant acted wantonly, willfully, and in disregard of the protected rights of Plaintiff.

94. By reason of the foregoing, Defendant is liable in an amount to be determined at trial, plus interest, attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, HEDYA A. ABDELA requests judgment as follows:

A. On Count I, awarding compensatory and punitive damages in favor of HEDYA A. ABDELA, in an amount to be determined at trial, plus interest, attorneys' fees and costs, and also awarding Plaintiff an injunction prohibiting Defendant from violating Plaintiff's Fourteenth Amendment Equal Protection rights in the future.

B. On Count II, awarding compensatory and punitive damages in favor of HEDYA A. ABDELA, in an amount to be determined at trial, plus interest, attorneys' fees and costs, and also awarding Plaintiff an injunction prohibiting Defendant from violating Plaintiff's First Amendment rights in the future.

C. On Count III, awarding compensatory and punitive damages in favor of HEDYA A. ABDELA, in an amount to be determined at trial, plus interest, attorneys' fees and costs, and also awarding Plaintiff an injunction prohibiting Defendant from acting under Unconstitutional Policies, Customs, Practices, and Failure to Train/Supervise violating Plaintiff's civil rights in the future.

D. On Count IV, awarding compensatory and punitive damages in favor of HEDYA A. ABDELA, in an amount to be determined at trial, plus interest, attorneys' fees and costs, and also awarding Plaintiff an injunction prohibiting Defendant causing or allowing Plaintiff to suffer intentional infliction of emotional distress.

E. On Count V, awarding compensatory and punitive damages in favor of HEDYA A. ABDELA, in an amount to be determined at trial, plus interest, attorneys' fees and costs, and also awarding Plaintiff an injunction prohibiting Defendant engaging in coercion, fraud, conversion toward Plaintiff.

F. On Count VI, awarding compensatory and punitive damages in favor of HEDYA A. ABDELA, in an amount to be determined at trial, plus interest, attorneys' fees and costs, and also awarding Plaintiff an injunction requiring Defendant to adequately train and supervise its officers and EMS employees to prevent the conduct that Plaintiff suffered from happening in the future.

G. Count VII, awarding compensatory and punitive damages in favor of HEDYA A. ABDELA, in an amount to be determined at trial, plus interest, attorneys' fees and costs, and also awarding Plaintiff an injunction requiring Defendant to adequately train and supervise its officers and EMS employees to prevent the conduct that Plaintiff suffered from happening in the future.

H. Count VIII, awarding compensatory and punitive damages in favor of HEDYA A. ABDELA, in an amount to be determined at trial, plus interest, attorneys' fees and costs, and also awarding Plaintiff an injunction requiring Defendant to adequately train and supervise its police officers and EMS employees and institute policies and procedures to prevent the conduct that Plaintiff suffered from happening in the future.

I. Count IX, awarding compensatory and punitive damages in favor of HEDYA A. ABDELA, in an amount to be determined at trial, plus interest, attorneys' fees and costs, and also awarding Plaintiff an injunction requiring Defendant to prevent the conduct that Plaintiff suffered from happening in the future.

J. Granting HEDYA A. ABDELA, such other and further relief as the Court deems just and proper.

**PRAYER FOR JURY TRIAL**

K. Plaintiff requests a trial by jury on all issues so triable.

Dated: December 20, 2025

Morrisville, North Carolina

Respectfully submitted,

By: /s Brian K. Leonard
Brian K. Leonard
Bar Number: P0225522
bleonard@civilrightsappellatelawyer.com
B.K. Leonard Law Firm
11010 Lake Grove Blvd.
Suite 100-425
Morrisville, NC 27560
9842127737
Attorneys for Plaintiff HEDYA A. ABDELA

## VERIFICATION

STATE OF TENNESSEE    )
                      ) ss.:
COUNTY OF DAVIDSON    )

HEDYA A. ABDELA, being duly sworn, deposes and says that I am the Plaintiff in the case captioned *HEDYA A. ABDELA v. CITY OF NASHVILLE-METROPOLITAN DAVIDSON COUNTY*, in the United States District Court for the Middle District of Tennessee and have authorized the filing of this complaint. I have reviewed the allegations made in the complaint, and to those allegations of which I have personal knowledge, I believe them to be true. As to those allegations of which I do not have personal knowledge, I rely on crash photos, police reports, a badge number, bank statement, and I believe them to be true.

_____Hedya A. Abdela_____
HEDYA A. ABDELA

Sworn to me this __8__ day of __December__, 20__25__

_____KDSykes_____
Notary Public



19